MAX BRAVERMAN, Appellant, v. TONY NASO, Appellee.

**SALES: Rescission—Belated Assertion of Right.** The purchase and
1 receipt of household furnishings and the use thereof for some three
years constitute an irrevocable acceptance of the goods.

**EVIDENCE: Relevancy, Materiality, and Competency—Nonpresented**
2 Issue. Household furnishings, especially when they have been in
use for some three years, are inadmissible to show their condition,
when the sole issue before the jury is *as to the contract price.*

**TRIAL: Reception of Evidence—Conflicting and Unfair Rulings.** Re-
3 versible error results from (1) receiving incompetent testimony over
plaintiff's objection, (2) striking such testimony at the close of de-
fendant's testimony, and (3) reinstating such testimony, without
warning to the plaintiff, after plaintiff had dismissed his witnesses
and made his opening argument.

Headnote 1: 35 Cyc. p. 259.  Headnote 2: 35 Cyc. p. 560.  Headnote 3:
4 C. J. p. 972.

Headnote 1: 23 R. C. L. 1437.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

JUNE 21, 1926.

OPINION ON REHEARING JULY 1, 1927.

Suit on an account for furniture and house furnishings sold and delivered by plaintiff to defendant, pursuant to an express oral contract. The sum total sued for was $8,734.72. The defense was a general denial and an averment of an oral contract to the effect that the cost of the goods delivered should not exceed $4,000. A defense of rescission was also interposed, but was withdrawn by the court at the close of defendant's evidence.

The jury rendered a verdict for the plaintiff for $4,000, and judgment was entered thereon, with interest from the date of the accrual of the account. The plaintiff has appealed.—*Reversed.*

*Johnson, Donnelly & Lynch* and *Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*W. J. Barngrover, E. A. Fordyce,* and *L. D. Dennis,* for appellee.

DE GRAFF, J.—The defendant, a grocer and fruit dealer, constructed in Cedar Rapids, in 1921, a $12,500 residence, not including the plumbing, tile roof, electric light fixtures, and interior decorations, which items increased the original cost about $3,400. The plaintiff, a furniture dealer in said city, pursuant to an oral contract with the defendant completely furnished the home.

The question in this case involves the terms of the oral contract. This is the issue presented by the pleadings. Plaintiff, in his petition, alleges that he was to furnish defendant with furniture and furnishings to be put into the new house, and that defendant was to pay therefor the actual cost of such goods to plaintiff, plus 20 per cent thereof, and freight and cartage charges, which items, in the aggregate, amount to $8,734.72, as per invoice attached to the petition. The defendant, in answer, made general denial, and averred that plaintiff was to furnish all furnishings and every article necessary to fully equip the new home, and that said furnishings were "to be of the best quality, to the satisfaction of the wife of the defendant, for the sum not to exceed $4,000."

The real issue is a narrow one, but the testimony offered by the defendant took a wide range. It is sufficient to state at this point that the evidence offered by plaintiff and defendant bearing on the terms of the contract is at right angles. The jury found for the plaintiff, which was a nominal victory; but the plaintiff appeals. The primary error assigned for reversal has to do with the rulings on certain evidence and the giving of a certain instruction relating to the challenged evidence.

There is little occasion to set out *in extenso* the record facts.

Clearly, a jury question was presented. The plaintiff did render to the defendant an invoice of all furnishings and furniture placed by plaintiff in defendant's home, and the defendant admits that he checked the items in the house on the day he received the bill, and that "he found all the items in the bill in the house." He also had the cost of the items on the invoice totaled on an adding machine, and "it footed up $8,772.60."

At the threshold of this opinion it may be observed that the pleadings of the defendant present no counterclaim for damages predicated on fraudulent representation or breach of warranty, express or implied, and no evidence was offered in these particulars. The reasonable value of the furniture and furnishings is not involved, under the issues joined. The defense of rescission was withdrawn by the court. The evidence shows that the defendant retained and used in his home all of the goods, wares, and merchandise from the time of their delivery (April to September, 1921), to the date of the trial of this cause, to wit, January 21, 1924. The trial court ruled, as a matter of law, that the use made of said goods and merchandise by the defendant and his acts with reference thereto constituted an acceptance of said goods, and vested the defendant with the ownership thereof. This was clearly correct.

1. SALES: rescission: belated assertion of right.

The burden of proof was on the plaintiff to establish, by a preponderance of the evidence, the oral contract pleaded in his petition, and this burden remained on the plaintiff throughout the trial. *Bremhorst v. Phillips Coal Co.*, 202 Iowa 1251.

No rule or measure of damage was before the jury for consideration. There was, however, quite a volume of testimony introduced by the defendant, over timely and proper objection, bearing upon the then condition of certain selected portions of the furniture which was sold by the plaintiff to the defendant, and quite a number of the articles of furniture were marked as exhibits, and profert of same was made. This evidence was referable to the quality of such furniture, as to its construction, its failure to wear, and its then existing defects, as claimed by the defendant. It is apparent that, since the sole dispute, under the pleadings, is confined to the terms of the contract fixing the price to be paid, and there was no counterclaim for damages,

2. EVIDENCE: relevancy, materiality, and competency: nonpresented issue.

this evidence did not tend to establish or corroborate the claim of either plaintiff or defendant on the issue joined.

The contract in dispute did not relate to a list of designated articles. It was a lump-sum contract, and it is admitted that a contract was made. True, there are cases in which it is held that evidence of reasonable value is admissible when a major discrepancy exists between the claims of the parties as to the contract price, on the theory that such evidence would have some tendency to establish the reasonableness of the claim of one party and the unreasonableness of the claim of the other. See *Johnson v. Harder and Avery,* 45 Iowa 677; *Sullivan v. Herrick,* 161 Iowa 141. However, in the case at bar there was no attempt made by the defendant to prove the reasonable value of any item or of all the items of property received by him from the plaintiff. The condition of any of the articles of furniture after nearly three years of use by the defendant in his home, and by a family of several children, could not be relevant or material to the contract price,—the only submissible issue involved.

The foregoing statement, however, is not all-inclusive of the objections made by the plaintiff and of the propositions stated on this appeal. The rulings on the objections of the plaintiff to the evidence and the offer of these various articles of furniture as exhibits were, in the first instance, reserved; but, on motion, the objections were sustained by the trial court at the close of the defendant's testimony, and the exhibits were excluded. Consequently, the plaintiff's rebuttal proceeded without reference to this line of stricken evidence. But the record discloses that, upon the conclusion of the rebuttal testimony, and after the first argument of plaintiff to the jury, the trial court, on the following day, and apparently without warning to the plaintiff, changed its prior ruling on the admission of the evidence in question. The ruling is as follows:

3. TRIAL: reception of evidence: conflicting and unfair rulings.

"By the Court: At this time the exhibits offered by the defendant, marked 'Defendant's Exhibits D to BB,' both inclusive (being twenty-six identified articles of furniture and furnishings), are admitted in evidence, and the ruling on plaintiff's motion to strike the testimony of the witness Vandewater is changed, and the motion is overruled. Plaintiff excepts."

When the court changed its ruling and admitted this volume

of evidence, plaintiff's witnesses had been excused from further attendance at court, and plaintiff was not in a position to then offer rebuttal. In fact, plaintiff had argued his case to the jury without reference to this line of testimony or to the exhibits in question. The ruling of the court in the first instance was correct, and it should not have been changed. We hold that the change of ruling caused prejudice to the plaintiff, and this was further emphasized by an instruction given by the court to the jury, directing attention to the consideration of this testimony.

Other errors of a minor character are argued by appellant; but, in view of a new trial granted on the primary ground herein discussed, we will not review further the record facts. The judgment entered on the verdict is—*Reversed.*

All the justices concur.